UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER HESTER and JASON PLUNKETT, On
Behalf Of Themselves And All Others Similarly
Situated,

8133 High Drive
Leawood, Kansas 66206

129 Taggert Avenue
Nashville, Tennessee 37205

               Plaintiffs,

               v.                         **CLASS ACTION**

NATIONAL ASSOCIATION OF SECURITIES     **JURY TRIAL DEMANDED**
DEALERS, INC.,

1735 K Street, NW,
Washington, DC 20006

               Defendant.

**CLASS ACTION COMPLAINT**

Plaintiffs, Jennifer Hester and Jason Plunkett ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following, upon information and belief, except as to allegations concerning Plaintiffs or their counsel, which are made upon personal knowledge, and except as otherwise indicated herein:

**NATURE OF THE ACTION**

1. Plaintiffs brings this class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of themselves and all other persons similarly situated (the "Class") who, from October 1, 2004 through and including December 20, 2005 (the "Class Period"),

1

took the Series 7 broker qualification examination ("Series 7") and were notified, in error, by the National Association of Securities Dealers, Inc. ("NASD" or "Defendant") that they received a failing score.

2. NASD's misconduct has damaged members of the Class, many of whom were just beginning their careers in the financial services industry. Such harm to Class members includes loss of employment, loss of wages, loss of employment benefits, loss of employment opportunities, and other damages.

3. Defendant NASD is a private sector financial regulatory services provider with offices located nationwide.

4. Companies that are regulated by and registered with Defendant are referred to as member firms.

5. The Series 7 is an entry-level examination administered by Defendant that qualifies individuals for registration with all self-regulatory organizations for the solicitation, purchase, and/or sale of all securities products, including corporate securities, municipal securities, municipal fund securities, options, direct participation programs, investment company products, and variable contracts.

6. During the Class period, Defendant administered the Series 7 to approximately 60,500 individuals.

7. During the Class period, Defendant erroneously notified approximately 1,882 members of the Class that they had failed the Series 7.

8. During the Class period, Class members notified their sponsoring agencies or member firms of the test results. Upon such notification, Class members were immediately terminated from

their employment and/or suffered other damages.

9. In January 2006, Defendant notified Plaintiffs, the members of the Class, and the sponsoring member firms that the prior exam results were in error and that all members of the Class had, in fact, passed the exam.

10. On January 6, 2006, Defendant issued a press release stating that it erroneously told the members of the Class that they had failed the exam, when, in fact, they had passed.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2) since Plaintiffs have diverse citizenship from Defendant, and the matter in controversy exceeds the sum of $5,000,000.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391, because defendant resides and is headquartered in this District, and a substantial part of the events giving rise to Plaintiffs' claims occurred in and were directed from this District.

## PARTIES

13. Plaintiff Jennifer Hester is an individual residing at 8133 High Drive, Leawood, Kansas 66206.

14. Plaintiff Jason Plunkett is an individual residing at 129 Taggert Avenue, Nashville, Tennessee 37205.

15. Defendant NASD is a corporation with its headquarters located at 1735 K Street, NW, Washington, DC 20006.

## FACTUAL ALLEGATIONS

16. Defendant NASD is a self-regulatory organization of securities firms. Defendant

NASD is responsible for regulating the securities market and ensuring that member firms abide by the rules of the NASD and the Municipal Securities Rulemaking Board, as well as federal and state securities laws and regulations. Defendant NASD is also responsible for administering tests relating to securities broker licensing.

17.    Defendant maintains the Web Central Registration Depository ("CRD") computer database system. The system is responsible for processing membership applications for brokers and maintaining records regarding the status of a broker's registration. Member firms have access to the CRD. Moreover, the public can access the status of broker registrations through NASD BrokerCheck, a service provided by the CRD system which allows the public to determine whether individuals, such as those who constitute the Class here, have passed exams administered by NASD, including the Series 7.

18.    In order for an individual to engage in the solicitation, purchase, and/or sale of any securities products, he must pass the Series 7. This test consists of approximately 250 questions which are taken on a computer. The exam is scored immediately and the exam taker must receive a score of 70% in order to pass.

19.    In order for an individual to take the Series 7, he must be sponsored by a member firm. The member firm submits the exam taker's application and the exam taker has 120 days to schedule the exam.

20.    From October 2004 through and including December 2005, Defendant administered the Series 7 to approximately 60,500 individuals.

21.    On January 6, 2006, Defendant posted a press release on its website entitled "NASD Says Software Error Impacts Certain Series 7 Exam Results." In its press release, Defendant

reported that it "has begun notifying a limited number of individuals who took the Series 7 broker qualification exam between October 1, 2004 and December 20, 2005 to tell them that they incorrectly received a failing grade due to a software error." Defendant further stated that it would correct CRD to reflect that these individuals were indeed qualified to act as general securities representatives and would notify the sponsoring firms.

### Jennifer Hester

22. Plaintiff Hester was employed by Merrill Lynch & Co., Inc. as a financial advisor trainee from March 3, 2005 through May 4, 2005.

23. Plaintiff Hester needed to pass the Series 7 exam in order to retain her employment and be a licensed financial advisor.

24. In order to take the Series 7 exam, Plaintiff needed to submit the appropriate application form and fee, which she did.

25. Plaintiff took the Series 7 exam on May 4, 2005. The exam was administered and scored by Defendant NASD.

26. On the same day that Plaintiff took the Series 7 exam, her exam was scored, and she was erroneously informed that she had obtained a failing score.

27. The following day, on May 5, 2005, Plaintiff informed her employer, Merrill Lynch, of her failing score, at which time she was immediately terminated from her employment.

28. On January 23, 2006, Defendant NASD informed Plaintiff Hester by letter that her exam had been incorrectly scored, and that, in actuality, she had passed the Series 7 exam.

29. As a result of Defendant's conduct, Plaintiff Hester has suffered loss of employment, lost wages and benefits as a financial advisor, loss of employment opportunities, and other damages.

### Jason Plunkett

30. Plaintiff Plunkett was employed by UBS Paine-Webber as a trainee from September 2004 through November 15, 2004.

31. Plaintiff Plunkett needed to pass the Series 7 exam in order to retain his employment and be licensed as a financial advisor.

32. In order to take the Series 7 exam, Plaintiff needed to submit the appropriate application form and fee, which he did.

33. Plaintiff took the Series 7 exam on November 15, 2004. The exam was administered and scored by Defendant NASD.

34. On the same day that Plaintiff took the Series 7 exam, his exam was scored, and he was erroneously informed that he had obtained a failing score.

35. That same day, on November 15, 2004, Plaintiff informed his employer, UBS Paine-Webber of his failing score, and after his manager contacted the legal department seeking an exception to company policy, he was terminated effective November 15, 2004.

36. On January 23, 2006, Defendant NASD informed Plaintiff Plunkett by letter that his exam had been incorrectly scored, and that, in actuality, he had passed the Series 7 exam.

37. As a result of Defendant's conduct, Plaintiff Plunkett has suffered loss of employment, lost wages and benefits as a financial advisor, loss of employment opportunities, and other damages.

### CLASS ACTION ALLEGATIONS

38. Plaintiffs Hester and Plunkett bring this class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure in their representative capacity on behalf of themselves

and a class (the "Class") of all persons similarly situated, defined as follows:

> All persons in the United Sates who took the Series 7 exam between October 1, 2004 through December 20, 2005, who received a false failing score despite the fact that they had actually passed the test, and who were damaged thereby.

39. The Class is numerous and joinder of all members is impracticable. Plaintiffs believe that at least 1,882 persons across the United States passed the test but were falsely informed that they had failed. The exact number and identities of the members of the Class are currently unknown to Plaintiffs but are readily ascertainable from appropriate discovery.

40. There are questions of law and fact common to the Class. These common questions include, but are not limited to, the following:

(a) whether Defendant incorrectly scored the Series 7 tests and provided false failing test scores to Class members who in actuality had passed the tests; and

(b) whether Defendant breached its contracts with Class members as a result of its actions.

41. The questions of law and fact common to the Class predominate over any questions that may affect only individual members.

42. The claims of the Plaintiffs are typical of the claims of the Class because Plaintiffs and the other members of the Class were injured in the same manner by Defendant's conduct.

43. Plaintiffs will fairly and adequately protect the interests of the Class. There are no disabling conflicts of interest between Plaintiffs and the Class. Plaintiffs are members of the Class, possesses the same interests, and suffered the same injuries as the Class members, making their interests coextensive with those of the Class.

44. The Class is represented by experienced counsel well-qualified to handle this case. This lawsuit will be capably and vigorously pursued by the Class representatives and their counsel.

45. A class action is superior to other methods for the fair and efficient adjudication of the controversy for reasons that include the following:

(a) The prosecution of separate actions by individual members of the Class creates a risk of inconsistent and varying adjudications with respect to members of the Class that would establish incompatible standards of conduct for Defendant;

(b) Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and prosecution as a class action will eliminate the possibility of duplicative litigation; and

(c) A class action will provide redress for claims which otherwise would be too small to support the expense of individual, complex litigation.

46. Plaintiffs know of no difficulties that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT I

### Breach of Contract

47. The foregoing paragraphs are incorporated as if fully set forth herein.

48. By registering to take the Series 7 exam, and by submitting applications and fees to Defendant in connection with taking the exam, Plaintiffs and Class members entered into contracts with Defendant.

49. The contracts contained express or implied provisions that the Defendant would correctly score the tests and provide individuals with their correct scores.

Gerald Martin, Esquire
BARRETT, JOHNSTON, & PARSLEY
217 2nd Avenue, North
Nashville, Tennessee 37201
TEL: (615)244-2202

Sherrie R. Savett, Esquire
Michael T. Fantini, Esquire
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
TEL: (215)875-3000

Attorneys for Plaintiffs

CLERK'S OFFICE  CO-932
UNITED STATES DISTRICT COURT  Rev. 4/96
FOR THE DISTRICT OF COLUMBIA

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. **06 0554**
(To be supplied by the Clerk)

NOTICE TO PARTIES:

Pursuant to Rule 405(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

I. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(e's) below.]

[ ] (a) relates to common property

[X] (b) involves common issues of fact

[X] (c) grows out of the same event or transaction

[ ] (d) involves the validity or infringement of the same patent

[ ] (e) is filed by the same pro se litigant

2. RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case: [ ]

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

_____

4. CAPTION AND CASE NUMBER OF RELATED CASE(E'S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

Lowe _____ v. NASD and EDS _____ C.A. No. 1:06cv280

3-23-06  RBW
DATE          Signature of Plaintiff/Defendant (or counsel)

